IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

GORDON GOURLAY )
4507 Q Place, N.W. )
Washington, D.C. 20007 )
)
    Plaintiff, )
)
v. ) Case No. 384369-V
)
HOME DEPOT USA, INC. )
2455 Paces Ferry Road )
Atlanta, Georgia 30339 )
)
SERVE: )
CSC-Lawyers Incorporating Service Company )
7 St. Paul Street, Suite 1660 )
Baltimore, Maryland 21202 )
)
    Defendant. )

RECEIVED
NOV 21 2013
Clerk of the Circuit Court
Montgomery County, Md.

## COMPLAINT

Plaintiff Gordon Gourlay ("Plaintiff"), through counsel, sues Defendant Home Depot USA, Inc. ("Defendant") for personal injuries and damages caused by Defendant's negligence.

### Count I – Negligence

1. This Court has personal jurisdiction pursuant to Md. Code Ann., *Cts & Jud. Proc.* § 6-102 and § 6-103. This Court has subject matter jurisdiction pursuant to Md. Code. Ann., *Cts. & Jud. Proc.* § 1-501. Venue is proper in this Court pursuant to Md. Code Ann. *Cts. & Jud. Proc.* § 6-201.

2. Defendant Home Depot USA, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and maintaining offices and conducting business in the

State of Maryland. During all relevant times, Defendant owned, operated, managed, controlled, and maintained a retail store located at 7111 Westlake Terrace in Bethesda, Maryland (the "store") for use by invitees intending to use the store for the retail and commercial purposes intended. Defendant was charged with a duty to maintain the store in a reasonably safe condition so as to prevent harm and injury to invitees, such as Plaintiff.

3. At approximately 9:05 p.m. on Friday, September 9, 2011, Plaintiff was an invitee of the store, intending to purchase rubber work boots at the store.

4. At the above mentioned time and place, Plaintiff entered the store and proceeded down an aisle in the store at the direction of a store employee who had informed Plaintiff where to locate rubber work boots.

5. Plaintiff did not find rubber work boots down the aisle and returned up the aisle towards the store's service desk.

6. As Plaintiff walked the aisle towards the service desk at the store, a store employee pointed to his left to indicate to Plaintiff that the rubber work boots had been moved from one aisle to another.

7. Plaintiff was directed to walk around the end of the aisle he had been down and returning from towards his right.

8. Plaintiff followed the instructions of the store employee.

9. As Plaintiff walked around the end of the aisle and began to proceed to his right, Plaintiff suddenly tripped and fell over a white wire metal shelf that had been left on the floor in the walkway.

10. Plaintiff fell to the ground and injured his back, neck, and left elbow.

11. The store's employees rushed to Plaintiff's assistance.

12. One employee of the store removed the wire shelf that Plaintiff tripped over and placed it behind a service desk.

13. Another employee led Plaintiff to a service desk where he was provided with water, a pain reliever, and an ice pack.

14. Plaintiff left the store with his friend and returned home.

15. The next day Plaintiff went to the George Washington University Hospital Emergency Department, where Plaintiff was examined and treated for elbow, shoulder, neck, and back pain and injuries.

16. Defendant had actual and constructive notice of the unreasonable danger created by the wire shelf on the floor in the walkway area for the store's invitees and guests.

17. Plaintiff's fall was caused by the negligence of Defendant, its agents, servants, and/or employees, which breached their respective duties to maintain the premises in a reasonably safe condition for invitees such as Plaintiff. Defendant's negligence included, but was not limited to, the careless and improper maintenance of the store with objects and/or merchandise on the floor surface of the store walkway where patrons, invitees, and guests would be walking, thereby creating an unsafe and unreasonably dangerous condition; the failure to remove the wire shelf from the floor; and the failure to place signs or barricades in the store around the shelf, or to otherwise warn invitees of the danger of objects in the store, despite Defendant's knowledge that objects on the walkway in the store created an unsafe and unreasonably dangerous condition for invitees.

18. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and permanent injuries. Due to his injuries, Plaintiff has required extensive medical treatment. He has incurred and will incur in the future medical and related expenses, and he has been and will continue to be prevented from engaging in his customary activities, and he has been caused to undergo and will undergo in the future physical and mental pain and suffering.

WHEREFORE, Plaintiff Gordon Gourlay demands judgment against Defendant Home Depot USA, Inc. in the sum of Three Hundred Thousand Dollars ($300,000), plus the costs of this action.

Respectfully submitted,

By: *Michael K. Hibey*
Michael K. Hibey
Curtin Law Roberson Dunigan & Salans
1900 M Street, N.W., Suite 600
Washington, D.C. 20036
Telephone: (202) 530-3371
Facsimile: (202) 530-4411
Email: mhibey@curtin-law.com
*Counsel for Plaintiff*

Date: November 21, 2013

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

*Michael K. Hibey*
Michael K. Hibey

## CERTIFICATION PURSUANT TO RULE 1-313

Undersigned counsel for Plaintiff hereby certifies that he is a member in good standing of the Bar of the State of Maryland.

*Michael K. Hibey*
Michael K. Hibey

4